UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE:    DIE TECH SERVICES, INC., a Michigan corporation,<br><br>             Debtor.                              / | Case No.: 19-00835-jtp<br>(Chapter 11)<br>Hon. John T. Gregg |

### DEBTOR'S MOTION FOR ORDER UNDER 11 U.S.C. §§ 363, 1107 AND 1108 AUTHORIZING THE MAINTENANCE OF EXISTING BANK ACCOUNTS, CONTINUED USE OF EXISTING BUSINESS FORMS, AND MAINTENANCE OF EXISTING CASH MANAGEMENT SYSTEM

Die Tech Services, Inc. (the "Debtor" or "Die Tech") by its proposed attorneys, Miller Johnson, files its *Motion for Order Under 11 U.S.C. §§ 363, 1107 and 1108 Authorizing the Maintenance of Existing Bank Accounts, Continued Use of Existing Business Forms, and Maintenance of Existing Cash Management System* (the "Motion"), respectfully states as follows:

#### JURISDICTION

1. On March 5, 2019 (the "Petition Date"), Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code as amended (the "Bankruptcy Code").

2. Debtor continues to manage and operate its business as Debtor-in-Possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

3. No trustee or examiner has been appointed in Debtor's chapter 11 case and no committee has been appointed or designated.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 & 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. The statutory predicate for the relief request herein is 11 U.S.C. §§ 363, 1107, and 1108.

## BACKGROUND

6. Die Tech is a privately owned service and manufacturing company which provides skilled labor and management to manufacturing companies throughout the United States and abroad and also manufactures specialized tools at its leased facility in Walker, Michigan. Die Tech is a Michigan corporation.

7. Die Tech has two informal divisions within the company: (a) Die Tech provides contracted, qualified skilled labor to manufacturing companies throughout the U.S and abroad; and (b) Die Tech's "Special Machines" division develops, designs and builds custom tooling to fit customers' specific needs.

8. The factual background relating to Die Tech's business and the commencement of this chapter 11 case is set forth in greater detail in the *Declaration of Kelly C. Darby* (the "Darby Declaration").

## RELIEF REQUESTED AND BASIS THEREFORE

9. By this Motion, Debtor seeks authority to maintain its existing cash management system, including the continuous use of existing business forms and bank accounts.

**A. Maintenance of the Debtor's Existing Cash Management System, Bank Accounts and Business Forms is Warranted**

10. Before the Petition Date and in the ordinary course of business, Debtor maintained a number of operational bank accounts. The existing bank accounts are listed in the chart attached hereto as **Exhibit A** (collectively, "Current Bank Accounts").

11. The Bank Accounts consist of one main operating account at Chemical Bank for payment of payroll and paying bills, two accounts at Byline Bank into which customer

2

checks were previously deposited and swept to pay down the Debtor's line of credit and one checking account at Old National Bank (the "Cash Management System").

12.   The United States Trustee has established certain operating guidelines for debtors-in-possession that operate their businesses. One such provision requires a chapter 11 debtor-in-possession to open new bank accounts and close all existing accounts. This requirement is designed to provide a clear line of demarcation between pre-petition and post-petition claims and payments and help to protect against the inadvertent payment of pre-petition claims by preventing the banks from honoring checks drawn before the Petition Date.

13.   Debtor believes, however, that its transition to chapter 11 will be more orderly and efficient, with a minimum disruption and harm to its business operations, if the Cash Management System and Bank Accounts are continued post-petition with the same account numbers. Accordingly, Debtor hereby requests entry of an order (i) authorizing Debtor to maintain the Cash Management System, (ii) authorizing Debtor to maintain the Bank Accounts in the ordinary course of business, (iii) authorizing Debtor to pay any ordinary course post-petition bank fees that may be incurred in connection with the Bank Accounts, and (iv) authorizing Debtor's bank to accept and rely upon Debtor's notices and instructions as to which pre-petition checks can be honored pursuant to any orders entered by this Court and which checks must be dis-honored.

14.   Although Debtor has requested authority to keep its Current Bank Accounts open, there may be circumstances where Debtor finds it appropriate to close a certain Bank Account or to stop payment on certain checks in order to avoid paying pre-petition indebtedness not authorized under the first day orders entered by this Court. Debtor may also find it appropriate and more convenient to open additional accounts at one or more of the Banks

listed on Exhibit A. Debtor reserves the right to open or reopen any accounts at one or more of the Banks listed on Exhibit A and to the extent that any accounts are reopened, such accounts shall not be designated as "Debtor-in-Possession" accounts for the reasons stated above.

15.     By preserving business continuity and avoiding monumental disruption and delay to Debtor's payroll and daily business operations that would necessarily result from the closing of the Bank Accounts and opening new accounts, all parties in interest, including Debtor's employees, vendors and customers, will be best served. The benefit to Debtor's estate will be considerable by eliminating the confusion that would otherwise result absent the relief requested herein.

16.     In similar circumstances, bankruptcy courts routinely permit chapter 11 debtors to continue using their existing cash management systems, often treating request for such relief as relatively "simple matters." *In re Baldwin-United Corp.*, 79 B.R. 321, 327 (Bankr. S.D. Ohio 1987); *see also In re Columbia Gas Sys.*, 997 F.2d 1039, 1061 (3d Cir. 1993) (recognizing that a requirement to maintain all accounts separately "would be a huge administrative burden and economically inefficient"); *Charter Co. v. Prudential Ins. Co. of Am. (In re Charter Co.)*, 778 F.2d 617, 621 (11th Cir. 1985) (holding that allowing the debtors to use their pre-petition "routine cash management system" was entirely consistent with applicable provisions of the Bankruptcy Code).

17.     Similarly, courts in this district have granted motions allowing debtors to maintain their bank accounts and cash management system. *See, e.g., In re: Family Christian,* U.S. Bankr. Ct. W.D.MI Case No. 15-00643 at Docket No. 112. Accordingly, Debtor respectfully requests that the Court waive the requirements of the United States Trustee that Debtor close its Bank Accounts.

18. In addition, to minimize expenses to Debtor's estate, Debtor requests authorization to continue to use its current correspondence and business forms, including, but not limited to, invoices, purchase orders and related vendor communications and documents, letterhead, envelopes, promotional materials, order forms and other business forms (collectively, the "<u>Business Forms</u>"), substantially in the forms existing immediately before the Petition Date, without reference to Debtor's status as debtor-in-possession. Further, Debtor requests authorization to use its existing checks, providing Debtor stamps the designation "Debtor-in-Possession" and Debtor's bankruptcy case number on them.

19. If Debtor is not permitted to maintain and utilize its current Cash Management System and Bank Accounts and continue to use its existing Business Forms, it will be prejudiced by (i) the resulting substantial disruption in its ordinary financial affairs and business operations, (ii) delaying the administration of the estate, and (iii) incurring unnecessary costs to the estate to set up new systems and open new accounts, print new Business Forms and immediately print new checks.

20. Affording such relief is consistent with § 363(c)(1) of the Bankruptcy Code, which allows a debtor-in-possession to continue using its property in the ordinary course of business, as well as § 105(a) of the Bankruptcy Code which authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

21. Debtor recognizes its obligation to avoid the payment of any pre-petition obligations without approval from the Court. As a matter of course, Debtor will continue to maintain strict records with respect to all transfers of cash in the Bank Accounts so that all pre-petition and post-petition transactions can be readily ascertained, traced and recorded properly,

and to avoid the unauthorized payment of pre-petition claims. Debtor intends to instruct its bank (i) to dishonor any checks or transfers related to payment of pre-petition obligations unless such payments have been authorized by the Court, and (ii) that any checks being presented for payment post-petition will require prior approval of a Debtor authorized representative before being honored to insure that no unauthorized pre-petition debts are paid. An authorized representative of Debtor will speak with the bank on a regular basis. Accordingly, Debtor requests that its banks be authorized to accept and honor all representations from Debtor as to which checks, drafts, wires, or ACH transfers should be honored or dishonored consistent with any orders of this Court, whether the checks, drafts, wires, or ACH transfers are dated prior to, on, or subsequent to the Petition Date, and whether or not the bank believes the payment is or is not authorized by any orders of the Court. The banks shall have no duty to inquire as to whether such payments are authorized by any orders of this Court and no liability to any party on account of following Debtor's instructions.

## NOTICE OF THIS MOTION

22. Debtor has caused a copy of this Motion to be served on: (i) the Office of the United States Trustee for the Western District of Michigan; (ii) Byline Bank and its counsel; (iii) each of Debtor's secured creditors; and (iv) the twenty largest unsecured creditors of the Debtor as disclosed on the Debtor's schedule filed pursuant to B.R. 1007(d). In light of the nature of the relief requested, the Debtor submits that no further notice is required.

## NO PRIOR RELIEF

23. No prior motion for the relief requested in this Motion has been made to this or any other Court.

WHEREFORE, Debtor respectfully requests entry of an order, substantially in the form attached to this Motion, granting the relief requested in this Motion, and granting Debtor such other and further relief as is just.

Dated: __3/6__, 2019

MILLER JOHNSON
Proposed Attorneys for Debtor

By _____
John T. Piggins (P34495)
pigginsj@millerjohnson.com
Rachel L. Hillegonds (P67684)
hillegondsr@millerjohnson.com
PO Box 306
Grand Rapids, Michigan 49501-0306
Telephone: (616) 831-1700
Facsimile: (616) 831-1701

7

# EXHIBIT A

## EXISTING BANK ACCOUNTS

| Bank | Account Number | Type |
|---|---|---|
| Byline Bank | 9990104644 | Checking Account |
| Byline Bank | 9990103316 | Cash Collateral Account |
| Chemical Bank | 2551315399 | Operating Account |
| Old National Bank | 201003960 | Checking Account |

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE:    DIE TECH SERVICES, INC., a Michigan corporation,<br><br>                 Debtor.                       / | Case No.: 19-00835-jtp<br>(Chapter 11)<br>Hon. John T. Gregg |

**ORDER GRANTING DEBTOR'S MOTION FOR ORDER UNDER 11 U.S.C. §§ 363, 1107 AND 1108 AUTHORIZING THE MAINTENANCE OF EXISTING BANK ACCOUNTS, CONTINUED USE OF EXISTING BUSINESS FORMS, AND MAINTENANCE OF EXISTING CASH MANAGEMENT SYSTEM**

Upon the first day motion (the "Motion") of Die Tech, Inc., debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor") seeking entry of an Order under §§ 363, 1107 and 1108 of Title 11 of the United States Code (the "Bankruptcy Code") authorizing Debtor to maintain existing bank accounts, continue to use its existing business forms, and maintain its existing cash management system; and it appearing that the relief requested is in the best interest of Debtor's estate, its creditors and other parties in interest; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and after due deliberation and cause appearing therefore; it is hereby

ORDERED that the Motion is granted;

IT IS FURTHER ORDERED that Debtor is authorized, but not directed, in the reasonable exercise of its business judgment to: (i) designate, maintain and continue to use, with the same account numbers, the bank accounts in existence on March 5, 2019 (the "Petition Date"), which are those accounts identified on Exhibit A to the Motion (the "Bank Accounts"); (ii) use, in their present form, checks and other documents related to the Bank Accounts; and (iii) treat the Bank Accounts for all purposes as accounts of Debtor as debtor-in-possession;

IT IS FURTHER ORDERED that nothing contained in this Order shall prevent Debtor from closing any existing bank accounts or stop payment on any pre-petition checks as it may deem necessary and appropriate;

IT IS FURTHER ORDERED that in the event Debtor opens any new bank accounts, said accounts shall be with the Chemical Bank ("Bank") and Debtor shall give notice of each new account to the United States Trustee for the Western District of Michigan, Bank and any statutory committee(s) appointed in this chapter 11 case within five (5) days of opening such account(s).

IT IS FURTHER ORDERED that Debtor shall cause a copy of this Order to be served on all of the banks at which any Bank Account is maintained within five (5) business days of the date hereof;

IT IS FURTHER ORDERED that the banks with which Debtor maintains Bank Accounts as of the Petition Date, listed on Exhibit A attached to the Motion, are authorized and directed (i) to continue to maintain, service and administer such Bank Accounts, and to receive, process and honor and pay any and all checks, drafts, wires, or automated clearing house transfers ("ACH Transfers") drawn on such accounts, (ii) to accept and honor all representations from Debtor as to which checks, drafts, wires, or ACH Transfers should be honored or dishonored consistent with any orders of this Court, whether the checks, drafts, wires, or ACH Transfers are dated prior to, on, or subsequent to the Petition Date, and whether or not the bank believes the payment is or is not authorized by any orders of this Court, (iii) that they have no duty to inquire as to whether such payments are authorized by any orders of this Court, and (iv) that they have no liability to any party on account of following Debtor's instructions in accordance with this Order;

IT IS FURTHER ORDERED that all banks at which Bank Accounts are maintained are notwithstanding the automatic stay provisions of 11 U.S.C. § 362(a), entitled to charge and collect from Debtor all ordinary and customary pre-Petition Date and post-Petition Date fees, charges and expenses due and payable in connection with such bank's cash management services;

IT IS FURTHER ORDERED that Debtor is authorized to continue to use its existing cash management system, as defined in the Motion (the "Cash Management System"), provided, however, Debtor shall maintain records of all transactions within its Cash Management System so that pre-Petition Date and post-Petition Date transactions can be readily ascertained, traced and recorded properly, and to avoid the unauthorized payment of pre-Petition Date claims;

IT IS FURTHER ORDERED that, notwithstanding anything herein to the contrary, (a) the Debtor and the banks holding the Bank Accounts may, without further order of this Court, agree to and implement non-material changes to the cash management system and procedures in the ordinary course of business and (b) in the course of providing cash management services to the Debtor, the banks holding the Bank Accounts are authorized without further order of this Court to deduct from the appropriate accounts of the Debtor its customary fees and expenses associated with the nature of the deposit and cash management services rendered to the Debtor, whether arising pre-Petition Date or post-Petition Date (the "Bank Fees"), and further, to charge back to the appropriate accounts of the Debtor any amounts resulting from returned checks or other returned items, including, without limitation, returned items that result from ACH Transfers, wire transfers, or other electronic transfers of any kind (collectively, the "Returned Items") regardless of whether such items were deposited or

transferred pre-Petition Date or post-Petition Date and regardless of whether the Returned Items relate to pre-Petition Date or post-Petition Date orders items or transfers;

IT IS FURTHER ORDERED that subject to any right Debtor may have to revoke any of its pre-petition instructions, the banks are authorized to continue to honor any standing instructions of the Debtor with respect to daily or periodic wires, and ACH Transfers or other debits made to the Bank Accounts in accordance with the Debtor's pre-petition instructions. The banks are further authorized to debit the Bank Accounts in the ordinary course of business and without further order of this Court on account of all checks drawn on the Debtor's accounts which were cashed at the counter of banks or exchanged for cashier's or official checks by the payees thereof prior to the Petition Date;

IT IS FURTHER ORDERED that the Debtor is authorized to continue to use its existing business and correspondence forms without alteration and without the designation "Debtor-in-Possession" imprinted upon them;

IT IS FURTHER ORDERED that the Debtor shall maintain accurate and detailed records of all transfers so that all transactions may be readily ascertained, traced, recorded properly and distinguished between pre-petition and post-petition transactions.

IT IS FURTHER ORDERED that Debtor is authorized to continue to use its existing checks, but Debtor shall stamp (a) the designation "Debtor-in-Possession" and (b) Debtor's bankruptcy case number upon them; and

IT IS FURTHER ORDERED that, pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, this Order shall be immediately effective and enforceable upon its entry and

IT IS FURTHER ORDERED that except as expressly modified by this Order, Debtor is required to abide by the individual guidelines established by the Office of the United States Trustee for debtors and debtors-in-possession.

**END OF ORDER**

Prepared by:
Rachel Hillegonds
Miller Johnson
PO Box 306
Grand Rapids, MI 49501-0306
(616) 831-1700